IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN LITTLE, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-00276 |
| | § | |
| PERRY HOMES, LLC, | § | |
| *Defendant.* | § | |

## ORDER

Before the Court is the Motion to Dismiss Plaintiff's Original Petition (Complaint) filed by Perry Homes, LLC, the Defendant herein (Doc. No. 4). Plaintiff has not responded, and the time to do so was months ago. As per the local rules of the Southern District of Texas, the failure to respond to a motion is normally considered a representation of "no opposition" by the non-movant. (L.R. 7.4). Nevertheless, because this motion is dispositive, the Court will review its merits and not rely upon Plaintiff's failure to respond.

**I.  Nature and Stage of the Proceeding**

On January 4, 2019, Steven Little ("Little") filed his complaint against Perry Homes, LLC ("Perry Homes"), alleging whistleblower retaliation in violation of Chapter 554 of the Texas Government Code and retaliation in violation of Little's First and Fourteenth Amendment rights under Section 1983. (Complaint at ¶¶ 27–35). Perry Homes timely removed this case to this Court on federal-question subject matter jurisdiction grounds, (Defendant's Notice of Removal (Doc. No. 1)), and then filed the Motion to Dismiss that is under consideration here.

**II.  Statement of Facts**

Little filed his Petition in the 333rd District Court of Harris County, Texas, against Perry Homes asserting two causes of action: (i) that Perry Homes retaliated against him in violation of

Chapter 554 of the Texas Government Code, which prohibits a "governmental entity" from retaliating against a "public employee" who in good faith reports a violation of law to an appropriate law enforcement authority (Complaint at ¶¶ 27–30); and (ii) that Perry Homes terminated Little in retaliation for Little's protected speech in violation of his rights under the First and Fourteenth Amendments to the United States Constitution, both of which he alleges give rise to claims against Perry Homes under 42 U.S.C. § 1983. (Complaint at ¶¶ 31–35).

Perry Homes claims that neither cause of action can be maintained against a private entity.

### III. Causes of Action

Plaintiff's Petition clearly alleges that Perry Homes is a "Texas limited liability company doing business in Texas." He has not alleged, nor can it honestly be alleged, that Perry Homes is a governmental entity or that Little was a public employee.

Little's two causes of action are set out below in their entirety:

#### Count I – Whistleblower Retaliation

27. The preceding paragraphs are incorporated by reference in the following claim for relief.

28. Mr. Little would show that the aforementioned conduct constitutes a violation of the Texas Whistleblower Act, Chapter 554, § 554.001, Tex. Gov't Code, which prohibits a governmental entity from retaliating against a public employee who in good faith reports a violation of law to an appropriate law enforcement authority.

29. Mr. Little's clearly established rights under the Texas Whistleblower Act were violated by Perry Homes when it terminated Mr. Little's employment in retaliation for his good faith reports of violations of law to an appropriate law enforcement authority.

30. As a direct and proximate result of Defendant's wrongful conduct, Mr. Little has and will continue to suffer loss of pay, benefits, and other monetary damages, loss of earning capacity, damage to his reputation, mental anguish, loss of enjoyment of life, and attorney's fees, costs and expenses.

### Count II – Violation of First and Fourteenth Amendment Rights

31.  The preceding paragraphs are incorporated by reference in the following claim for relief.

32.  Mr. Little's concerns expressed to members of the Texas Legislature relating to the Disaster Recovery Site, compliance with the Open Records Act, and racial discrimination at Perry Homes were serious matters of legitimate public concern.

33.  Defendant Perry Homes terminated Mr. Homes' [sic] employment in retaliation for Mr. Little's protected speech on matters of legitimate public concern in violation of Mr. Littles' rights of freedom of speech guaranteed by the First and Fourteenth Amendments to the United States Constitution.

34.  The actions of Defendant Perry Homes deprived Mr. Little of his First Amendment Rights provided to him by the provisions of the due process clause of the Fourteenth Amendment to the United States Constitution, made actionable by 42 U.S.C. § 1983.

35.  Defendant Perry Homes acted without authorization of law, willfully, knowingly, and purposely, with the specific intent of depriving Mr. Little of his First and Fourteenth Amendment rights of free speech.

(Complaint at ¶¶ 27–35). Thus, Little alleges two and only two causes of action: 1) a Texas Whistleblower action pursuant to Section 554.001 of the Texas Government Code, and 2) First and Fourteenth Amendment retaliation violations pursuant to 42 U.S.C. § 1983.

IV.  **Discussion**

Plaintiff's causes of action both fail as a matter of law. Initially, a cause of action under the Texas Whistleblower Act can only be maintained by a public employee against a governmental entity. *See Tharling v. City of Port Lavaca*, 329 F.3d 422, 428 (5th Cir. 2003). Plaintiff's Complaint fails to allege either. Thus, he fails to allege a whistleblower claim upon which relief can be granted. *See Lyons v. Chase Home Lending*, No. 3:11–CV–1056–N, 2011 WL 4907084, at *6 (N.D. Tex. Sept. 1, 2011).

Plaintiff's First and Fourteenth Amendment claims brought under Section 1983 are likewise defective. To accurately assert a Section 1983 claim, one must assert that the Defendant acted under color of law:

> Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994). To state a claim under § 1983, a plaintiff must allege facts showing that he was deprived of a right secured by the Constitution and the laws of the United States, and that the deprivation of that right was by a defendant acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). A private party acts "under color of state law," and is thus liable under § 1983, if it performs a function which is traditionally the exclusive province of the state, or when there is a sufficiently close nexus between the state and the action of the private party such that the action is fairly attributable to the state. *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). "The involvement must be directly related to the action that gives rise to the § 1983 claim." *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348–49 (5th Cir. 1985). "State action can be found 'only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains.'" *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)).

*See id.*

In the instant case, there are no allegations that the Defendant is a governmental entity, nor are there any pleadings hinting that it acted under color of law. Consequently, Plaintiff has once again failed to state a claim upon which relief can be granted.

## V. Conclusion

Plaintiff has failed to plead a claim upon which relief can be granted. Defendant's Motion to Dismiss (Doc. No. 4) is granted, and this case is hereby dismissed.

SIGNED at Houston, Texas, this 10th day of April, 2019.

Andrew S. Hanen
United States District Judge